ALMA L. BROOKS, Appellant, *v.* PATRICK C. DAVEY, Impleaded, etc., Respondent.

It is within the discretion of the court, in a partition suit, to direct a sale of the premises, and where a sale is ordered (Code Civ. Pro. § 1546) the title of the purchaser is to be deemed good, not only as against the parties to the action and their representatives, but as against one claiming from or under such party, by title accruing after the filing of a proper notice of the pendency of the action.

(Argued May 4, 1888; decided June 5, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 9, 1886, which affirmed a judgment entered upon a decision of the court at Special Term dismissing the complaint as to defendant Davey.

This action was brought to foreclose a mortgage of $500, executed May 21, 1884, upon premises in Brooklyn, by defendants Emma and Samuel S. Ackerly to Maria Moss, and by her assigned to the plaintiff. A sale of the premises, with other relief customary in such actions, was sought for. Davey was made defendant as one acquiring an interest in the mortgaged premises subsequent " to the lien of the mortgage." He answered, setting up title acquired upon partition of premises (of which those mortgaged form a part), in an action commenced prior to July 26, 1883, to which the said Emma and Samuel S. Ackerly were parties, and against each of whom a *lis pendens* in said partition suit was on that day filed and indexed.

*Lewis Johnston* for appellant.

*John N. Stearns* for respondent. The effect of the notice of the pendency of an action is to bind the land as to all living parties named in said notice having any claim to such land. And this, whether such interest is acquired by writing or by operation of law. (*Cleveland* v. *Boerum,* 24 N. Y. 613.)

DANFORTH, J. The findings of the trial court sustain the defense. It was within the discretion of the court before

whom the partition proceedings were pending to direct a sale or actual partition of the premises involved (Code, § 1546; *Scott* v. *Guernszy*, 48 N. Y. 106); and a sale having been ordered the title of the purchaser is to be deemed good not only as against the parties to the action and their representatives, but against any person claiming from or under such party by title accruing after the filing of a proper notice of the pendency of the action. (Code, § 1557, sub. 2; §§ 1670, 1671.) Such was the plaintiff's position. The mortgagor was a party to the partition suit, and the mortgage under which the plaintiff claims was executed subsequent to the effective filing and indexing of the *lis pendens* in that suit and in regard to which the statute was complied with. It was the duty of the court below to give effect to its provisions, and having done so its judgment should be affirmed.

The judgment appealed from should, therefore, be affirmed.

All concur.

Judgment affirmed.